FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
VIKING RIVER CRUISES, INC.
549 Summit Avenue
Jersey City, New Jersey 07306
Tel: (973) 623-5514
Fax: (973) 623-3813
Michael E. Unger

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## DIVISION OF NEWARK

| | |
|---|---|
| CYNTHIA QUINT, ) | **2:17-cv-01865-CCC-SCM** |
| ) | |
| Plaintiff, ) | |
| v. ) | **DEFENDANT VIKING RIVER** |
| ) | **CRUISES, INC.'S VERIFIED** |
| VIKING RIVER CRUISES, INC., ) | **ANSWER TO PLAINTIFF'S** |
| ) | **VERIFIED COMPLAINT** |
| ) | |
| Defendant. ) | |

Defendant, VIKING RIVER CRUISES, INC. (hereinafter "Defendant" and/or "VIKING"), by and through its attorneys, FREEHILL, HOGAN & MAHAR, LLP, responds to the Verified Complaint of Plaintiff as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3. Admits the allegations contained in Paragraph 3 of Plaintiff's Verified Complaint.

4. Denies the allegations contained in Paragraph 4 a., b., c., and d. of Plaintiff's Verified Complaint.

467150.1

5.      Admits Defendant operated interactive Internet web sites accessible to residents of the State of New Jersey, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 5 of Plaintiff's Verified Complaint.

6.      Denies the allegations contained in Paragraph 6 of Plaintiff's Verified Complaint.

7.      Denies the allegations contained in Paragraph 7 of Plaintiff's Verified Complaint.

8.      Denies the allegations contained in Paragraph 8 of Plaintiff's Verified Complaint.

9.      Denies the allegations contained in Paragraph 9 of Plaintiff's Verified Complaint.

10.      Admits Defendant has relationships with travel agents located in New Jersey to which it advertises and markets cruise vacations, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 10 of Plaintiff's Verified Complaint.

11.      Denies the allegations contained in Paragraph 11 of Plaintiff's Verified Complaint.

12.      Denies the allegations contained in Paragraph 12 of Plaintiff's Verified Complaint.

13.      Denies the allegations contained in Paragraph 13 of Plaintiff's Verified Complaint.

14.      Admits Defendant is a California corporation with its principal place of business in the State of California, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 14 of Plaintiff's Verified Complaint.

15.      Denies the allegations contained in Paragraph 15 of Plaintiff's Verified Complaint.

16.     Denies the allegations contained in Paragraph 16 of Plaintiff's Verified Complaint.

17.     Admits on or about November 22, 2014 plaintiff booked and paid for a cruise on the vessel VIKING JARL for a cruise known as the 2015 "Passage to Eastern Europe", but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 17 of Plaintiff's Verified Complaint.

18.     Denies the allegations contained in Paragraph 18 of Plaintiff's Verified Complaint.

19.     Admits there was an enforceable contact entered between Plaintiff and Viking River Tours Ltd. and/or Viking River Cruises AG, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 19 of Plaintiff's Verified Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Verified Complaint.

21.     Denies the allegations contained in Paragraph 21 of Plaintiff's Verified Complaint.

22.     Denies the allegations contained in Paragraph 22 of Plaintiff's Verified Complaint.

23.     Denies the allegations contained in Paragraph 23 of Plaintiff's Verified Complaint.

24.     Denies the allegations contained in Paragraph 24 of Plaintiff's Verified Complaint.

25.     Denies the allegations contained in Paragraph 25 of Plaintiff's Verified Complaint.

26.     Denies the allegations contained in Paragraph 26 of Plaintiff's Verified Complaint.

27.     Denies the allegations contained in Paragraph 27 of Plaintiff's Verified Complaint.

28.     Denies the allegations contained in Paragraph 28 of Plaintiff's Verified Complaint.

29.     Denies the allegations contained in Paragraph 29 of Plaintiff's Verified Complaint.

30.     Denies the allegations contained in Paragraph 30 of Plaintiff's Verified Complaint.

31.     Denies the allegations contained in Paragraph 31 of Plaintiff's Verified Complaint.

32.     Admits the allegations contained in Paragraph 32 of Plaintiff's Verified Complaint.

33.     Denies the allegations contained in Paragraph 33 of Plaintiff's Verified Complaint.

34.     Denies the allegations contained in Paragraph 34 of Plaintiff's Verified Complaint.

35.     Denies the allegations contained in Paragraph 35 of Plaintiff's Verified Complaint.

36.    Denies the allegations contained in Paragraph 36 of Plaintiff's Verified Complaint.

37.    Denies the allegations contained in Paragraph 37 of Plaintiff's Verified Complaint.

38.    Denies the allegations contained in Paragraph 38 of Plaintiff's Verified Complaint.

39.    Denies the allegations contained in Paragraph 39 of Plaintiff's Verified Complaint.

40.    Denies the allegations contained in Paragraph 40 of Plaintiff's Verified Complaint.

41.    Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 40 inclusive of its Answer, with the same force and effect as if herein set forth at length.

42.    Denies the allegations contained in Paragraph 42 of Plaintiff's Verified Complaint.

43.    Denies the allegations contained in Paragraph 43 of Plaintiff's Verified Complaint.

44.    Denies the allegations contained in Paragraph 44 of Plaintiff's Verified Complaint.

45.    Denies the allegations contained in Paragraph 45 of Plaintiff's Verified Complaint.

46.     Denies the allegations contained in Paragraph 46 and 46. a. through r. of Plaintiff's Verified Complaint.

47.     Denies the allegations contained in Paragraph 47 of Plaintiff's Verified Complaint.

48.     Denies the allegations contained in Paragraph 48 of Plaintiff's Verified Complaint.

49.     Denies the allegations contained in Paragraph 49 of Plaintiff's Verified Complaint.

50.     Denies the allegations contained in Paragraph 50 of Plaintiff's Verified Complaint.

51.     Denies the allegations contained in Paragraph 51 of Plaintiff's Verified Complaint.

52.     Denies the allegations contained in Paragraph 52 of Plaintiff's Verified Complaint.

### FURTHER ANSWERING THE VERIFIED COMPLAINT AND AS AND FOR SEPARATE PARTIAL AND OR COMPLETE DEFENSES THERETO, DEFENDANT VIKING RIVER CRUISES, INC. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

53.     Plaintiff has improperly and/or insufficiently served process upon the Defendant VIKING RIVER CRUISES, INC. under Rule 4 of the Federal Rules of Civil Procedure.

54.     The Court lacks personal jurisdiction over Defendant VIKING RIVER CRUISES, INC.

55.    Plaintiff has failed to state a cause of action in her Verified Complaint upon which relief can be granted as against Defendant VIKING RIVER CRUISES, INC.

56.    At all times material hereto Defendant VIKING RIVER CRUISES, INC. acted solely as agent for its disclosed principal(s), Viking River Cruises AG and/or Viking River Tours Ltd., the owner and operator of the VIKING JARL respectively, as identified in the Passenger Ticket Contract under which Plaintiff travelled and, as such, Defendant VIKING RIVER CRUISES, INC. can have no liability to Plaintiff for any injury allegedly suffered aboard the Vessel as pled in the Verified Complaint.

57.    Pursuant to the Terms and Conditions set forth on the website of Defendant VIKING RIVER CRUISES, INC. under which Plaintiff booked her cruise and to which she agreed to be contractually bound, Plaintiff acknowledged that "[u]nder no circumstances shall [Defendant VIKING RIVER CRUISES, INC. ] be construed as a carrier under a contract for safe carriage of the guest."

58.    Pursuant to the Terms and Conditions set forth on the website of Defendant VIKING RIVER CRUISES, INC. under which Plaintiff booked her cruise and to which she agreed to be contractually bound, Plaintiff specifically released Defendant VIKING RIVER CRUISES, INC. from "any and all claims for personal injury … arising out of the acts, omissions or negligence of Defendant VIKING RIVER CRUISES, INC. or any Carrier or independent contractors, such as vessel operators."

59.    Pleading in the alternative, if it is determined that Plaintiff has stated a cause of action against Defendant VIKING RIVER CRUISES, INC., such claim is time barred pursuant

to the terms of the provisions of the Passenger Ticket Contract under which Plaintiff travelled which required suit to have been brought within one year from the day when the injury occurred.

60.    Pleading in the alternative, if it is determined that Plaintiff has stated a cause of action against Defendant VIKING RIVER CRUISES, INC., such claim is time barred pursuant to the terms of the provisions of the Passenger Ticket Contract under which Plaintiff travelled which required that "ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS PASSENGER TICKET CONTRACT SHALL BE DETERMINED BY THE CIVIL COURT OF THE CANTON OF BASEL-STADT [ZIVILGERICHT BASEL-STADT], THE JURISDICTION TO WHICH WE, AS THE CARRIER, AND YOU HEREBY SUBMIT OURSELVES. IF ANY ACTION IS INITIATED IN ANY COURT OTHER THAN THE COURTS IN BASEL SWITZERLAND, . . . WE, AS THE CARRIER, AND YOU HEREBY AGREE TO THE IMMEDIATE DISMISSAL OR TRANSFER OF SAID ACTION TO THE COURTS OF BASEL, SWITZERLAND."

61.    This suit should be dismissed on the basis of forum non conveniens.

62.    If Plaintiff sustained any injuries as alleged in the Verified Complaint, the same were solely caused or contributed to by the negligence of Plaintiff.

63.    At all times mentioned in the Verified Complaint, Plaintiff was engaged in an activity in which certain risks were inherent and Plaintiff assumed such risks.

64.    Plaintiff has failed to properly and fully mitigate the damages alleged in the Verified Complaint.

**WHEREFORE**, Defendant VIKING RIVER CRUISES, INC. demands judgment dismissing Plaintiff's Verified Complaint herein and awarding Defendant costs, fees, including reasonable attorneys' fees and disbursements of this action, and such other and further relief as to the Court may seem just and proper.

Dated:  May 11, 2017

FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant
VIKING RIVER CRUISES, INC.

By:_____
    Michael E. Unger
    549 Summit Avenue
    Jersey City, New Jersey 07306
    Tel: (973) 623-5514
    Fax: (973) 623-3813
    unger@freehill.com

TO:    Gerald Hanlon, Esq.
       Robert Dunn, Esq.
       Hanlon Dunn Robertson Schwartz
       33 Market Street
       Morristown, NJ  07960
       Tel: (973) 267-8895

467150.1

9

## ATTORNEY VERIFICATION

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.    I am a Partner of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Defendant VIKING RIVER CRUISES, INC. in this action, I have read the foregoing Answer to Plaintiff's Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.    The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.    The reason this verification is made by an attorney and not by the Defendant is because the Defendant is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
11th day of May, 2017

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Commission Expires October 31, 2017

467150.1                                10