FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
VIKING RIVER CRUISES, INC.
549 Summit Avenue
Jersey City, New Jersey 07306
Tel: (973) 623-5514
Fax: (973) 623-3813
Michael E. Unger

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
DIVISION OF NEWARK

| | |
|---|---|
| CYNTHIA QUINT, <br><br> Plaintiff, <br><br> v. <br><br> VIKING RIVER CRUISES, INC., a/k/a "VIKING CRUISES," VIKING RIVER CRUISES (INTERNATIONAL) LLC, VIKING RIVER TOURS, LTD., JOHN DOE INSURANCE COMPANY, AND JOHN DOES 1 AND 2, <br><br> Defendant. | 2:17-cv-01865-CCC-SCM <br><br> **DEFENDANT VIKING RIVER CRUISES, INC.'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT** |

Defendant, VIKING RIVER CRUISES, INC (hereinafter "Defendant"), by and through their attorneys, FREEHILL, HOGAN & MAHAR, LLP, responds to the Verified Amended Complaint of Plaintiff as follows:

1. Denies the allegations contained in Paragraph 1 of Plaintiff's Verified Amended Complaint.

2. Denies the allegations contained in Paragraph 2 of Plaintiff's Verified Amended Complaint.

469401.1

3. Denies the allegations contained in Paragraph 3 of Plaintiff's Verified Amended Complaint.

4. Denies the allegations contained in Paragraph 4 of Plaintiff's Verified Amended Complaint.

5. Denies the allegations contained in Paragraph 5 of Plaintiff's Verified Amended Complaint.

6. Denies the allegations contained in Paragraph 6 of Plaintiff's Verified Amended Complaint.

7. Denies the allegations contained in Paragraph 7 of Plaintiff's Verified Amended Complaint.

8. Denies the allegations contained in Paragraph 8 of Plaintiff's Verified Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Verified Amended Complaint.

10. Admits Defendant is a California corporation with its principal place of business in the State of California, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 10 of Plaintiff's Verified Amended Complaint.

11. The allegations contained in Paragraph 11 of Plaintiff's Verified Amended Complaint pertain to another defendant and are therefore not being answered by this defendant.

12. Denies the allegations contained in Paragraph 12 of Plaintiff's Verified Amended Complaint.

13. The allegations contained in Paragraph 13 of Plaintiff's Verified Amended Complaint pertain to another defendant and are therefore not being answered by this defendant.

14. Denies the allegations contained in Paragraph 14 of Plaintiff's Verified Amended Complaint.

15. Denies the allegations contained in Paragraph 15 of Plaintiff's Verified Amended Complaint.

16. Denies the allegations contained in Paragraph 16 of Plaintiff's Verified Amended Complaint.

17. Denies the allegations contained in Paragraph 17 of Plaintiff's Verified Amended Complaint.

18. Denies the allegations contained in Paragraph 18 of Plaintiff's Verified Amended Complaint.

19. Denies the allegations contained in Paragraph 19 of Plaintiff's Verified Amended Complaint.

20. Denies the allegations contained in Paragraph 20 of Plaintiff's Verified Amended Complaint.

21. Denies the allegations contained in Paragraph 21 of Plaintiff's Verified Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Verified Amended Complaint.

23. Admits the allegations contained in Paragraph 23 of Plaintiff's Verified Amended Complaint.

24. Denies the allegations contained in Paragraph 24 of Plaintiff's Verified Amended Complaint.

25. Denies the allegations contained in Paragraph 25 of Plaintiff's Verified Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Verified Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Verified Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Verified Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Verified Amended Complaint.

30. Denies the allegations contained in Paragraph 30 of Plaintiff's Verified Amended Complaint.

31. Denies the allegations contained in Paragraph 31 of Plaintiff's Verified Amended Complaint.

32. Denies the allegations contained in Paragraph 32 of Plaintiff's Verified Amended Complaint.

33. Denies the allegations contained in Paragraph 33 of Plaintiff's Verified Amended Complaint.

34. Denies the allegations contained in Paragraph 34 of Plaintiff's Verified Amended Complaint.

35. Denies the allegations contained in Paragraph 35 of Plaintiff's Verified Amended Complaint.

36. Denies the allegations contained in Paragraph 36 of Plaintiff's Verified Amended Complaint.

37. Denies the allegations contained in Paragraph 37 of Plaintiff's Verified Amended Complaint.

38. Denies the allegations contained in Paragraph 38 of Plaintiff's Verified Amended Complaint.

39. Denies the allegations contained in Paragraph 39 of Plaintiff's Verified Amended Complaint.

40. Denies the allegations contained in Paragraph 40 of Plaintiff's Verified Amended Complaint.

41. Denies the allegations contained in Paragraph 41 of Plaintiff's Verified Amended Complaint.

42. Denies the allegations contained in Paragraph 42 of Plaintiff's Verified Amended Complaint.

43. Denies the allegations contained in Paragraph 43 of Plaintiff's Verified Amended Complaint.

44. Denies the allegations as they relate to Defendant and Admits that Defendant Viking River Tours, Ltd. owned the vessel "Viking Jarl," but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 44 of Plaintiff's Verified Complaint.

45. Denies the allegations contained in Paragraph 45 of Plaintiff's Verified Amended Complaint.

46. Denies the allegations contained in Paragraph 46 of Plaintiff's Verified Amended Complaint.

47. Denies the allegations contained in Paragraph 47 of Plaintiff's Verified Amended Complaint.

48. Denies the allegations contained in Paragraph 48 of Plaintiff's Verified Amended Complaint.

49. Denies the allegations contained in Paragraph 49 of Plaintiff's Verified Amended Complaint.

50. Denies the allegations contained in Paragraph 50 of Plaintiff's Verified Amended Complaint.

51. Denies the allegations contained in Paragraph 51 of Plaintiff's Verified Amended Complaint.

52. Denies the allegations contained in Paragraph 52 of Plaintiff's Verified Amended Complaint.

53. Denies the allegations contained in Paragraph 53 of Plaintiff's Verified Amended Complaint.

54. Denies the allegations contained in Paragraph 54 of Plaintiff's Verified Amended Complaint.

55. Denies the allegations contained in Paragraph 55 of Plaintiff's Verified Amended Complaint.

56. Denies the allegations contained in Paragraph 56 of Plaintiff's Verified Amended Complaint.

57. Denies the allegations contained in Paragraph 57 of Plaintiff's Verified Amended Complaint.

58. Denies the allegations contained in Paragraph 58 of Plaintiff's Verified Amended Complaint.

59. Denies the allegations contained in Paragraph 59 of Plaintiff's Verified Amended Complaint.

60. Denies the allegations contained in Paragraph 60 of Plaintiff's Verified Amended Complaint.

61. Admits the allegations contained in Paragraph 61 of Plaintiff's Verified Amended Complaint.

62. Denies the allegations contained in Paragraph 62 of Plaintiff's Verified Amended Complaint.

63. Denies the allegations contained in Paragraph 63 of Plaintiff's Verified Amended Complaint.

64. Denies the allegations contained in Paragraph 64 of Plaintiff's Verified Amended Complaint.

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiff's Verified Amended Complaint.

66. Denies the allegations contained in Paragraph 66 of Plaintiff's Verified Amended Complaint.

67. Denies the allegations contained in Paragraph 67 of Plaintiff's Verified Amended Complaint.

68. Denies the allegations contained in Paragraph 68 of Plaintiff's Verified Amended Complaint.

69. Denies the allegations contained in Paragraph 69 of Plaintiff's Verified Amended Complaint.

70. Denies the allegations contained in Paragraph 70 of Plaintiff's Verified Amended Complaint.

71. Denies the allegations contained in Paragraph 71 of Plaintiff's Verified Amended Complaint.

72. Denies the allegations contained in Paragraph 72 of Plaintiff's Verified Amended Complaint.

73. Denies the allegations contained in Paragraph 73 of Plaintiff's Verified Amended Complaint.

74. Denies the allegations contained in Paragraph 74 of Plaintiff's Verified Amended Complaint.

75. Denies the allegations contained in Paragraph 75 of Plaintiff's Verified Amended Complaint.

76. Denies the allegations contained in Paragraph 76 of Plaintiff's Verified Amended Complaint.

77. Denies the allegations contained in Paragraph 77 of Plaintiff's Verified Amended Complaint.

78. Denies the allegations contained in Paragraph 78 of Plaintiff's Verified Amended Complaint.

79. Denies the allegations contained in Paragraph 79 of Plaintiff's Verified Amended Complaint.

80. Denies the allegations contained in Paragraph 80 of Plaintiff's Verified Amended Complaint.

81. Denies the allegations contained in Paragraph 81 of Plaintiff's Verified Amended Complaint.

82. Denies the allegations contained in Paragraph 82 of Plaintiff's Verified Amended Complaint.

83. Denies the allegations contained in Paragraph 83 of Plaintiff's Verified Amended Complaint.

84. Denies the allegations contained in Paragraph 84 of Plaintiff's Verified Amended Complaint.

85. Denies the allegations contained in Paragraph 85 of Plaintiff's Verified Amended Complaint.

86. Denies the allegations contained in Paragraph 86 of Plaintiff's Verified Amended Complaint.

87. Denies the allegations contained in Paragraph 87 of Plaintiff's Verified Amended Complaint.

88. Denies the allegations contained in Paragraph 88 of Plaintiff's Verified Amended Complaint.

89. Denies the allegations contained in Paragraph 89 of Plaintiff's Verified Amended Complaint.

90. Denies the allegations contained in Paragraph 90 of Plaintiff's Verified Amended Complaint.

91. Denies the allegations contained in Paragraph 91 of Plaintiff's Verified Amended Complaint.

92. Denies the allegations contained in Paragraph 92 of Plaintiff's Verified Amended Complaint.

93. Denies the allegations contained in Paragraph 93 of Plaintiff's Verified Amended Complaint.

94. Denies the allegations contained in Paragraph 94 of Plaintiff's Verified Amended Complaint.

95. Denies the allegations contained in Paragraph 95 of Plaintiff's Verified Amended Complaint.

96. Denies the allegations contained in Paragraph 96 of Plaintiff's Verified Amended Complaint.

97. Denies the allegations contained in Paragraph 97 of Plaintiff's Verified Amended Complaint.

98. Denies the allegations contained in Paragraph 98 of Plaintiff's Verified Amended Complaint.

99. Denies the allegations contained in Paragraph 99 of Plaintiff's Verified Amended Complaint.

100. Denies the allegations contained in Paragraph 100 of Plaintiff's Verified Amended Complaint.

## COUNT I – TORTIOUS CONDUCT

101. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 100 inclusive of its Answer, with the same force and effect as if herein set forth at length.

102. Denies the allegations contained in Paragraph 102 of Plaintiff's Verified Amended Complaint.

103. Denies the allegations contained in Paragraph 103 of Plaintiff's Verified Amended Complaint.

104. Denies the allegations contained in Paragraph 104 of Plaintiff's Verified Amended Complaint.

105. Denies the allegations contained in Paragraph 105 of Plaintiff's Verified Amended Complaint.

106. Denies the allegations contained in Paragraph 106 of Plaintiff's Verified Amended Complaint.

107. Denies the allegations contained in Paragraph 107 of Plaintiff's Verified Amended Complaint.

108. Denies the allegations contained in Paragraph 108 of Plaintiff's Verified Amended Complaint.

109. Denies the allegations contained in Paragraph 109 of Plaintiff's Verified Amended Complaint.

110. Denies the allegations contained in Paragraph 110 of Plaintiff's Verified Amended Complaint.

111. Denies the allegations contained in Paragraph 111 of Plaintiff's Verified Amended Complaint.

112. Denies the allegations contained in Paragraph 112 of Plaintiff's Verified Amended Complaint.

113. Denies the allegations contained in Paragraph 113 of Plaintiff's Verified Amended Complaint.

114. Denies the allegations contained in Paragraph 114 of Plaintiff's Verified Amended Complaint.

115. Denies the allegations contained in Paragraph 115 of Plaintiff's Verified Amended Complaint.

## COUNT II – STRICT LIABILITY

116. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 115 inclusive of its Answer, with the same force and effect as if herein set forth at length.

117. Admits the allegations contained in Paragraph 117 of Plaintiff's Verified Amended Complaint.

118. Admits the allegations contained in Paragraph 118 of Plaintiff's Verified Amended Complaint.

119. Denies the allegations contained in Paragraph 119 of Plaintiff's Verified Amended Complaint.

120. Denies the allegations contained in Paragraph 120 of Plaintiff's Verified Amended Complaint.

## COUNT III – INTENTIONAL MISREPRESENTATION

121. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 120 inclusive of its Answer, with the same force and effect as if herein set forth at length.

122. Denies the allegations contained in Paragraph 122 of Plaintiff's Verified Amended Complaint.

123. Denies the allegations contained in Paragraph 123 of Plaintiff's Verified Amended Complaint.

124. Denies the allegations contained in Paragraph 124 of Plaintiff's Verified Amended Complaint.

125. Denies the allegations contained in Paragraph 125 of Plaintiff's Verified Amended Complaint.

126. Denies the allegations contained in Paragraph 126 of Plaintiff's Verified Amended Complaint.

127. Denies the allegations contained in Paragraph 127 of Plaintiff's Verified Amended Complaint.

128. Denies the allegations contained in Paragraph 128 of Plaintiff's Verified Amended Complaint.

129. Denies the allegations contained in Paragraph 129 of Plaintiff's Verified Amended Complaint.

130. Denies the allegations contained in Paragraph 130 of Plaintiff's Verified Amended Complaint.

### COUNT IV – PUNITIVE DAMAGES

131. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 130 inclusive of its Answer, with the same force and effect as if herein set forth at length.

132. Denies the allegations contained in Paragraph 132 of Plaintiff's Verified Amended Complaint.

133. Denies the allegations contained in Paragraph 133 of Plaintiff's Verified Amended Complaint.

134. Denies the allegations contained in Paragraph 134 of Plaintiff's Verified Amended Complaint.

135. Denies the allegations contained in Paragraph 135 of Plaintiff's Verified Amended Complaint.

136. Denies the allegations contained in Paragraph 136 of Plaintiff's Verified Amended Complaint.

137. Denies the allegations contained in Paragraph 137 of Plaintiff's Verified Amended Complaint.

**FURTHER ANSWERING THE VERIFIED AMENDED COMPLAINT AND AS AND FOR SEPARATE PARTIAL AND OR COMPLETE DEFENSES THERETO, DEFENDANT VIKING RIVER CRUISES, INC. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

138. Plaintiff has improperly and/or insufficiently served process upon the Defendant VIKING RIVER CRUISES, INC., under Rule 4 of the Federal Rules of Civil Procedure.

139. The Court lacks personal jurisdiction over Defendant VIKING RIVER CRUISES, INC.

140. Plaintiff has failed to state a cause of action in her Verified Amended Complaint upon which relief can be granted as against Defendant VIKING RIVER CRUISES, INC.

141. At all times material hereto Defendant VIKING RIVER CRUISES, INC. acted solely as agent for its disclosed principal(s), Viking River Cruises AG and/or Viking River Tours Ltd., the owner and operator of the VIKING JARL as identified in the Passenger Ticket Contract under which Plaintiff travelled and, as such, Defendant VIKING RIVER CRUISES, INC. can have no liability to Plaintiff for any injury allegedly suffered aboard the Vessel as pled in the Verified Amended Complaint.

142. Pursuant to the Terms and Conditions set forth on the website of Defendant VIKING RIVER CRUISES, INC. under which Plaintiff booked her cruise and to which she agreed to be contractually bound, Plaintiff acknowledged that "[u]nder no circumstances shall [Defendant VIKING RIVER CRUISES, INC. ] be construed as a carrier under a contract for safe carriage of the guest."

143. Pursuant to the Terms and Conditions set forth on the website of Defendant VIKING RIVER CRUISES, INC. under which Plaintiff booked her cruise and to which she

agreed to be contractually bound, Plaintiff specifically released Defendant VIKING RIVER CRUISES, INC. from "any and all claims for personal injury … arising out of the acts, omissions or negligence of Defendant VIKING RIVER CRUISES, INC. or any Carrier or independent contractors, such as vessel operators."

144. Pleading in the alternative, if it is determined that Plaintiff has stated a cause of action against VIKING RIVER CRUISES, INC., such claim is time barred pursuant to the terms of the provisions of the Passenger Ticket Contract under which Plaintiff travelled which required suit to have been brought within one year from the day when the injury occurred.

145. Pleading in the alternative, if it is determined that Plaintiff has stated a cause of action against Defendant VIKING RIVER CRUISES, INC., such claim is barred and/or must be dismissed pursuant to the terms of the provisions of the Passenger Ticket Contract under which Plaintiff travelled which required that "ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS PASSENGER TICKET CONTRACT SHALL BE DETERMINED BY THE CIVIL COURT OF THE CANTON OF BASEL-STADT [ZIVILGERICHT BASEL-STADT], THE JURISDICTION TO WHICH WE, AS THE CARRIER, AND YOU HEREBY SUBMIT OURSELVES. IF ANY ACTION IS INITIATED IN ANY COURT OTHER THAN THE COURTS IN BASEL SWITZERLAND, . . . WE, AS THE CARRIER, AND YOU HEREBY AGREE TO THE IMMEDIATE DISMISSAL OR TRANSFER OF SAID ACTION TO THE COURTS OF BASEL, SWITZERLAND."

146. This suit should be dismissed on the basis of forum non conveniens.

147. If Plaintiff sustained any injuries as alleged in the Verified Amended Complaint, the same were solely caused or contributed to by the negligence of Plaintiff.

148.   At all times mentioned in the Verified Amended Complaint, Plaintiff was engaged in an activity in which certain risks were inherent and Plaintiff assumed such risks.

149.   Plaintiff has failed to properly and fully mitigate the damages alleged in the Verified Amended Complaint.

**WHEREFORE**, Defendant VIKING RIVER CRUISES, INC. demands judgment dismissing Plaintiff's Verified Amended Complaint herein and awarding Defendant costs, fees, including reasonable attorneys' fees and disbursements of this action, and such other and further relief as to the Court may seem just and proper.

Dated:  July 18, 2017

        FREEHILL, HOGAN & MAHAR, LLP
        Attorneys for Defendant
        VIKING RIVER CRUISES, INC.

By: _____
        Michael E. Unger
        549 Summit Avenue
        Jersey City, New Jersey 07306
        Tel: (973) 623-5514
        Fax: (973) 623-3813
        unger@freehill.com

TO:   Gerald Hanlon, Esq.
      Robert Dunn, Esq.
      Hanlon Dunn Robertson Schwartz
      33 Market Street
      Morristown, NJ  07960
      Tel: (973) 267-8895

## ATTORNEY VERIFICATION

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a Partner of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Defendants VIKING RIVER CRUISES, INC. in this action, I have read the foregoing Answer to Plaintiff's Verified Amended Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Defendant is because the Defendant is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
18th day of July, 2017

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified In Kings County
Commission Expires October 31, 2017

469401.1                              18